IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 SEP -4  P 4: 14

CLERK_____
SO. DIST. OF GA.

SUBODHCHANDRA T. PATEL,

   Plaintiff,

  v.

JANET BREWTON,

   Defendant.

 :
 :
 :
 :
 :
 :
 :
 :
 :

CIVIL ACTION NO.: CV612-105

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The undersigned's Order and Report and Recommendation dated January 22, 2013, are hereby **vacated**, and the following shall take their stead. Plaintiff's Motion to return the matter to the Magistrate Judge (Doc. No. 29) is **dismissed** as moot. Plaintiff's Objections (Doc. No. 30) are **dismissed** as moot. Plaintiff's Motion to Amend his Amended Complaint (Doc. No. 34) is **granted**, as this amendment only corrects certain items in Plaintiff's Amended Complaint and does not set forth any additional claims or name any additional parties as Defendants.

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed a cause of action, as amended, pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to

AO 72A
(Rev. 8/82)

liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing.  The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii).  Mitchell, 112 F.3d at 1490.  While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that Defendant Brewton ordered another prison official to confiscate all of Plaintiff's legal materials.  According to Plaintiff, he had several causes of action (habeas corpus and civil rights actions) which he was unable to prosecute properly because his legal materials were confiscated.  Plaintiff also contends that he filed a grievance concerning this confiscation.  Plaintiff asserts that Defendant Brewton retaliated against him because he filed a grievance about her.  Plaintiff contends that Defendant Brewton assigned him to yard duty, despite having knowledge of his

AO 72A
(Rev. 8/82)

"disabling medical conditions." (Doc. No. 31, p. 19).  Plaintiff also contends that Defendant Brewton stopped his nutritional supplement and meals in accordance with his religious beliefs.  Plaintiff contends that Defendants Owens and Chatman ratified Defendant Brewton's actions by silence and failed to supervise her.  Plaintiff alleges that Defendants conspired together to violate his rights.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2).   In section 1983 actions, liability must be based on something more than a theory of respondeat superior.  Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  Id. at 802.  "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).  Plaintiff has not set forth sufficient facts which reveal that Defendants Owens and Chatman, as the Commissioner of the Georgia Department of Corrections and the Warden of Georgia State Prison, respectively, are responsible for the alleged violations of Plaintiff's constitutional rights based on anything other than their supervisory

AO 72A
(Rev. 8/82)

positions. Plaintiff's claims against Defendants Owens and Chatman should be **dismissed**.

Additionally, a conspiracy "to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that defendants '"reached an understanding to violate [his] rights."' Id. (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988)). Plaintiff does not set forth facts making his conspiracy claim plausible, and this claim should be **dismissed**.

Further, the intentional deprivation of property gives rise to a Due Process Clause violation when the State fails to provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pursuant to O.C.G.A. § 51-10-1, Georgia has created a civil cause of action for the wrongful deprivation of personal property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). To the extent Plaintiff's Complaint sets forth a claim for damages for the alleged loss of property, this is a matter for determination by the courts of the State of Georgia. O.C.G.A. § 51-10-1 (creating a cause of action in tort for the deprivation of personal property). Plaintiff's cause of action for the alleged deprivation of property should be **dismissed**.

However, access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere

4

formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343 (1996). Stated another way, the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415.

In addition, "[t]o state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed" a grievance "concerning the conditions of his imprisonment." See id.

Further, the Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable

5

measures to guarantee the safety of prison inmates.  This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994).

Moreover, prisoners "retain the right to the free exercise of religion" under the First Amendment.  United States v. Baker, 415 F.3d 1273, 1274 (11th Cir. 2005).  As the Supreme Court has emphasized, "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (quoting Turner v. Safley, 482 U.S. 78, 84 (1987)).

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief against Defendant Brewton.  A copy of Plaintiff's Amended Complaint (Doc. No. 31), Document Numbered 34, and a copy of this Order shall be served upon Defendant Brewton by the United States Marshal without prepayment of cost. If Defendant  Brewton elects to file a Waiver of Reply, then she must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

**INSTRUCTIONS TO DEFENDANT**

Plaintiff is not proceeding in forma pauperis.  However, due to Plaintiff's status as a prisoner, the Court directs the United States Marshal to serve Plaintiff's Complaint. FED. R. CIV. P. 4(c)(2).  In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5.  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such

6

defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver.  FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination.  FED. R. CIV. P. 30(a).  The Defendant shall ensure that the Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this court's local rules. Local Rule 26.1(d)(i).

In the event Defendant takes the deposition of any other person, he is ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendant shall notify Plaintiff of the deposition and advise him that he may serve on the Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendant shall present such questions to the witness seriatim during the deposition.  FED. R. CIV. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or

7

counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, et seq. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(i).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a Defendant. Interrogatories shall not be filed with the court. Local Rule 26.4. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for the Defendant and try to work out the problem; if Plaintiff proceeds with the motion to

8

compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendant. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to

9

respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendant's motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendant file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendant's statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this ___4th___ day of September, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)