IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SUBODHCHANDRA T. PATEL,

    Plaintiff,

v.                               CIVIL ACTION NO.: CV612-105

JANET BREWTON,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed an Amended Complaint (doc. no. 31), and a Motion to Amend his Amended Complaint (doc. no. 34). The undersigned granted Plaintiff's Motion because it did not appear that Plaintiff set forth additional claims for relief. After the parties filed Objections to the undersigned's Report and Recommendation dated September 4, 2013, the Honorable B. Avant Edenfield adopted the undersigned's recommendations over the parties' Objections. However, Judge Edenfiled noted that the undersigned failed to address three (3) claims Plaintiff raised in his Amended Complaint and referred Plaintiff's Amended Complaint to the undersigned to conduct the requisite frivolity review of those claims pursuant to 28 U.S.C. § 1915A. (Doc. No. 60).

Plaintiff asserts that Defendant Brewton retaliated against him based on "her hatred and discrimination against [his] race, religion, and nationality." (Doc. No. 31, p. 40; Doc. No. 34, p. 5). Plaintiff states that Defendant Brewton's words to him, "As a Hindu, no different than a Muslim, a mean race from terrorist India," "reflected her callous invidius(sic) animus and deliberate vindictive indifference against [him],

selectively, which she did not show to white and black inmates in similar situation as with [him]." (Doc. No. 31, p. 40). In his Motion to Amend, Plaintiff asserts that he brings this claim pursuant to the Fourteenth Amendment for alleged violations of his rights to due process and equal protection. Finally, Plaintiff asserts that Defendant Brewton's alleged interference with his access to the courts violates his rights under the Seventh Amendment, as this alleged interference has caused an inordinate delay "to his liberty[.]" (Doc. No. 31, p. 43; Doc. No. 34, p. 5).

"A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." Cleburne v.

AO 72A
(Rev. 8/82)

Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest." Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal citation and punctuation omitted). Plaintiff sets forth no facts which indicate that Defendant Brewton treated him differently than inmates who are similarly situated to him based on a discriminatory intent. Rather, Plaintiff sets forth conclusory allegations in this regard. In addition, Plaintiff's allegation that Defendant Brewton violated his right to equal protection based on her comments about him being of the Hindu faith are based on Plaintiff's religion, whereas Plaintiff also asserts, in conclusory fashion, that inmates of different races than he is have been treated differently than he was. Plaintiff's equal protection claim should be **DISMISSED**.

"The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F. 3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. AMEND. XIV). The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1290-91 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Plaintiff makes nothing more than a bare assertion that Defendant Brewton's alleged actions have imposed an atypical and

3

significant hardship on him, as he merely mentions that Defendant Brewton's alleged actions have violated his right to due process. Plaintiff's substantive due process claim should be **DISMISSED**.

Likewise, Plaintiff's procedural due process claim—to the extent he raises such a claim—should also be dismissed. An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). Constitutionally adequate process requires compliance with the minimum due process protections accorded to an inmate in prison disciplinary proceedings: (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). Plaintiff makes no assertion that he did not receive procedural due process protections, and this portion of his claimed due process violation should also be **DISMISSED**.

Finally, Plaintiff's claim for relief under the Seventh Amendment cannot be sustained. The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. CONST. amend. VII.

AO 72A
(Rev. 8/82)

To the extent Plaintiff contends that Defendant Brewton's interference with his access to the courts implicates his Seventh Amendment right to a jury trial, such a claim must fail. Plaintiff's assertion in this regard is conclusory, which, as noted above, is an insufficient basis for establishing liability in a section 1983 lawsuit. In addition, a claim that an inmate's access to the courts has been impeded sets forth a cause of action pursuant to the First Amendment. Lewis v. Casey, 518 U.S. 343, 406 n.1 (1996) (Stevens, J.) (dissenting) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances[.]"). Plaintiff's claim that his Seventh Amendment rights have been violated should also be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of May, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)