UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SUBODHCHANDRA T. PATEL,

Plaintiff,

v.       6:12-cv-105

JANET BREWTON,

Defendant.

## ORDER

### I. INTRODUCTION

Subodhchandra Patel, a current inmate in Georgia State Prison, filed this prisoner litigation under 42 U.S.C. § 1983, alleging a variety of constitutional violations. ECF No. 1. He amended his complaint, ECF Nos. 17; 31, and then amended the amendment, ECF No. 34. The Magistrate Judge issued a Report & Recommendation (R&R), ECF No. 44, in which he screened Plaintiff's claims for viability as mandated by 28 U.S.C. § 1915A.

In so doing, he did not decide three constitutional claims that Plaintiff's latest amendment, ECF No. 34, had raised. The Court adopted much of the R&R but remanded the case to the Magistrate Judge to evaluate those three claims: equal protection and due process arising under the Fourteenth Amendment, and deprivation of Seventh Amendment rights. ECF No. 60. Before the Court is the Magistrate Judge's second Report and Recommendation ("second R&R"), which dismisses those three claims. After a careful *de novo* review, the Court *ADOPTS IN PART* the second R&R.

First, the Court *ADOPTS* the second R&R's dismissal of Plaintiff's equal protection claim.

Whether Plaintiff's due process claims survive first-look § 1915A review is a closer call. As noted in the second R&R, the Supreme Court has named two situations in which due process rights attach to prisoners: 1) "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court," *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999), or 2) when the state has previously bestowed benefits on prisoners, and the deprivation of those benefits works "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life[,]" *id.* (internal quotations omitted).

A core component of Plaintiff's claim is that Defendant removed his legal paperwork and research and otherwise impeded his ability to file subsequent suits and (presumably) collateral attack motions. ECF Nos. 31 at 42-43; 34 at 5. Whether this claim has factual merit—or is capable of surviving a later motion to dismiss—it is not facially outside the realm of established due process law. *See, e.g., Chandler v. Baird*, 926 F.2d 1057, 1061-64 (11th Cir. 1991) (discussing situations when deficiencies in prison legal research implicate constitutional norms); *Goff v. Jones*, 500 F.2d 395, 397 (5th Cir. 1974).[1] Plaintiff's claim that Defendant impeded his legal research, taken as factually true, treads

---

[1] This Circuit adopted as binding precedent all Fifth Circuit decisions issued prior to September 30, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

close enough to established precedent that it does not warrant § 1915A dismissal. Therefore, the due process claim, as it relates to the denial of access to the courts, survives. However, that is the only due process claim stated here that withstands preliminary review.

Finally, Plaintiff alleges that he has been deprived of his Seventh Amendment right to a civil trial. These claims also arise from Defendant's alleged deprivation of Plaintiff's legal papers and interference with his legal filings. *Compare* ECF No. 34 at 5 (inserting Seventh Amendment claims in two paragraphs of amended complaint), *with* ECF No. 31 at 42-44 (relevant paragraphs detail alleged taking of legal material). But the right of access to the courts accrues in either the First Amendment right to petition the government, *see Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 741 (1983), or in the Fourteenth Amendment right to due process, as discussed above. No law cited in Plaintiff's complaint, nor identified by this Court, ties prisoner legal research to the Seventh Amendment. Accordingly, Plaintiff's Seventh Amendment claims fail review under 28 U.S.C. § 1915A.

The second R&R is *ADOPTED IN PART* as to Plaintiff's equal protection claims, which are dismissed. The Plaintiff's Seventh Amendment claims are *DISMISSED*. His due process claims against Defendant, as far as they allege Defendant deprived him of meaningful access to legal resources, legal documents, and the courts, survive frivolity review.

This 15 day of July 2014.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA